May it please the court, I'd like to reserve three hours for rebuttal. Three hours. I don't want to reserve three hours. Now we're going to need morphing. I'll be after three minutes. I'd like to reserve three hours for rebuttal. Three hours? Jesus. Excuse me. Three minutes. All right. Okay. Sorry. My name is Stephen Wasinger. I've made a mess of this already. I apologize. This is a case that has three issues, I think, that need to be considered in order to Eggertsen's law firm, the Law Offices of John H. Eggertsen, were responsible for an excise tax under section 4979A of the Internal Revenue Code. The issues that we, the way we have framed them in our reply brief are three. Whether the Commissioner should be rewarded for sandbagging by the way they changed their position, claiming they made a mistake about the controlling law after the opinion had been written, under circumstances where they not only changed the section on which they were relying as the statute of limitations, but where they also changed the note. On your sandbagging point, you know, it seems to me the key check there is, you know, judges want to get it right. And, you know, this is a question about how, you know, a very important part of the code works. And if the tax court of all courts thinks they got it right the first time, for whatever reason, bad arguments, mistaken arguments, but that's the check on sandbagging, right? Because the tax court is still deciding what they think the right interpretation is, and that interpretation is reviewable here. So, I mean, it's just funny to me. Well, I would say this. I've been doing this for a lot of years. To suggest after you've fully briefed an issue, after you've argued the issue with regional counsel, and you've made points about not only what the right section is. That's why there's three issues that they changed. First of all, what was the right section? Second of all, what was the right form? After indicating that form 5500 was an appropriate form, they decided that wasn't an appropriate form. And that change in the notice standard under colony, which is the United States. Today, there are just three arguments being presented. Two of the three have this problem. If you were listening to the case, you'd think about it as one way. The judges are thinking about it, perhaps, at least one of them another way. And this just happens all the time. The law is complicated. I understand the first case. Now you have an intervening event from an outside party, the United States Supreme Court, which says that the rule is different than anybody thought it to be. Exactly, because they're all looking at the same thing. There's no intervening rule here. This is a situation where... There's no new law or change in the law. There's nothing that comes down other than them deciding they lost. They didn't just change their position, Judge. If they had said, oh my golly, after flat out telling you 6501 doesn't apply, not that it might apply, we're not sure that it doesn't apply. If they had just said that, that might have been interesting and that could have been something that we'd deal with. But they also said, oh, when we said Section 5500, I mean Form 5500... The tax court thought it had made a mistake. It was an induced mistake. It made the mistake because the tax court said we relied on what they said. I can just tell you that's not how judges think about it. Well, that may not be... Judges, we listen to your arguments, we're interested in what you say, but we think we've got this responsibility to figure out what the law means. And when we think we've got it wrong, we like to have the discretion to fix it. I believe that to yourself, Your Honors. I find this kind of behavior really... If I came back tomorrow, I mean, after you issued the opinion in this case that, oh, by the way, fingers crossed, I didn't really meant what I said when I said this. I want you to spend a lot of time thinking about this whole new argument I've thought of. I think the system would say that's not a good way to operate. There is an argument that if the tax court thought that it had proceeded incorrectly, they could have reversed their legal analysis prospectively without changing the decision in this case regarding this particular taxpayer might be one possible way to look at it. The other way would be to wonder if they were engaging in duplicitous or bad behavior, as you seem to imply by saying that...suggesting perhaps they might be changing their position because they thought they were losing. Well, they did. And I guess what buttresses your argument is that they did...the government didn't come up with any new argumentation or authority that they could not have taken in the prior proceeding if they're just repackaging or changing their argument seemingly without any new legal authority. That just doesn't look very good for the government. Judge, again, I go back to this. Colony versus United States. They say that's the controlling Supreme Court decision on whether there's notice. They say form 5500 or form 5330, 1120, those forms all work because they give notice. We'll get into that. And by the way, 6501 can't apply. Not doesn't...can't. Just flat out can't. And then the judge says, okay, 60...I'm going to go to 49, the special limitations period. I'm going to look at these forms. I'm going to determine this notice. And then somebody comes in and says, oh, we made a mistake. Notice is determined by filing a different form, this 5350 or whatever that is. Right. And that's the only form. And that's the only form. All right. In any event, I'm...your judges, I'm not...I don't...I find it shocking quite candidly. But let's...I only have a limited amount of time here. Let me...and I... Was your regional council that you spoke with, were they overruled by somebody that... What happened is that there was a local council in Detroit. They then said the regional council is going to handle this because it's a big issue. They write all their briefs. Then there is a...then after they lose, they have a whole new set of council from somewhere else that said, oh, we made a mistake. We, the government, made a mistake. That's what they said. We...in their brief, they say that. We made a mistake. Anyway... At reconsideration, I think this is going to be a variation of what Judge Clay is saying. At reconsideration, did you say, listen, I don't think they should get a second bite at the apple, number one, which I know you said that, and then number two, but if you're going to let them do it, you shouldn't let them apply it to my client. In other words, Judge Clay was making the point, maybe they have the option of a prospective ruling. Did you make that argument to them? I don't believe so, Your Honor. I don't. I wasn't that creative. Would you like to make it now? I would because I want to go to what I think the core issue is. By the way, I not only want to make it now, I think that that's what should happen. You're, of course, now doing the same thing they did. No, no, no. I have never changed my position on this at all. I didn't think I'd be formally, but I've never changed my position on the substance. We took the position that there was no allocation, there was no ownership of synthetic equity, and therefore, the limitations period— Is there precedent for doing that, for letting the tax courts say, listen, we made a mistake, here's the new rule, but we're not going to apply it? Do they have that authority? I believe, Your Honor, the authorities that I've cited in my brief on judicial estoppel are in cases where courts acknowledge that a mistake was made, but that to reward somebody for effectively changing their position or doing things like that shouldn't be tolerated in the judicial system, and therefore, they can be estopped from taking that position. As to that party? As to that party. Now, I think, by the way, now let's go to the—let's assume that we get past this. I think the way I would look at it, if I were the court, is look at the statute of limitations question second, because you may avoid the statutory interpretation problem. If you look at the statute of limitations issue, there is a—6501B4, and we talk about this in our brief as an example at page 41, says you have to have a return on which an entry has been made about the tax. If you take their current theory, their current theory, that ownership by itself matters, there is only one form that works, and it isn't the form 5330. It's the form 5500, because only that form has the relevant information in it about who owns this. If you look at the form that they say should work, the form 5330, which is at 238 in the appendix, that form asks one question, section 4979A, tax on certain prohibited allocations of ESOP securities. It doesn't have an entry about ownership. It asks whether there is a prohibited allocation, and now we go to the next issue, which is where I think they really change their view. But you file that if you think you owe an excise tax. Yes, exactly, but it asks you, did you do a prohibited allocation? We said no. They say no. Nobody says that a prohibited allocation was made. Your client did not file form 5530 because he didn't think he had an obligation to pay excise taxes. No, because it asks, what is your tax on a prohibited allocation? We said we didn't make a prohibited allocation. This tax is only relevant to a prohibited allocation. We filed the form 5500, which has the information about ownership, and that is Schedule E, and it's at the joint appendix 211. That had enough information to trigger the running of the statute of limitations. And that's particularly where what they did that was deceitful, in my judgment, or at least sandbagging, is if you look at the case that we say, and it's in our reply brief and our basic brief throughout, they in the tax court said the case is controlled, the notice is controlled by the United States Supreme Court's decision in colony. And all colony requires is that you have sufficient notice to decide whether to conduct an audit. And what happened in this case is they conducted an audit based on the 5500. They came in, they said you filed a 5500, you indicated that you have ownership of these stocks, you have a value for $100,000, and we want to do an audit. That's how it happened. They had more than enough information as their own doing of the audit would indicate. What's J&R's little harvest? Well, that was the way this thing originally got started. It was the original entity, and then they changed the name. What was it? What was it? Oh, it was just a small business, and that's frequently the case, I guess. What did they do? We're just curious. Oh, I think they had a gift shop or something. But a lot of times you get an existing corporation, and then you change its name and change its business mode. So that's what happened. No question that your client had 100%? Oh, there's no question. It's reflected in everything. Not to get confused about this, J&A was, the little harvest was, as the stip, there was never an issue about this. As the stipulation indicates, that occurred way before this issue. And then when they formed this ESOP entity, they used that and they merged it and they created a new entity. But at all relevant times, all the returns were filed in the name of the John H. Eggertson plan. Who were the other beneficiaries of the John H. Eggertson plan? There were two employees at one point, but 100% of the ESOP shares he owned, and that never changed. I'm out of time. Can I just say one other thing? Do you want to take some time from your rebuttal? Yeah, I will. I'll take just about 20 seconds. Well, you'll have to take a minute if you're going to take any. Okay, I'll take a minute. All right. I want to, I now want to go to the merits, because I think on the merits, there is one piece of evidence that the tax court and the government relies on, which is this after the fact, conclusory legislative history thing that says there's a special allocation rule. Our position is that that legislative history doesn't work, can't work. It doesn't explain. Let's focus on the text then. What is the non-allocation year phrase doing? What work does it do? And thank you. That's all I wanted to say. If you look at E2C, it increases the amount of the tax. That section is not a taxing section. It is a, it says the amount shall be increased by what you have in the non-allocation year. But it's in an imposition of a tax section. No, no, it isn't. The taxing section. Of course. A, A, imposition of tax. Yes, that's A. Exactly. This is E. No, but the reason it is, the flush language, the flush language says you get taxed on two things, allocation or ownership of synthetic equity. And then what E2C says, and oh, by the way, if you've had a prohibited allocation, your amount on which the tax is calculated includes not only the prohibited allocation, but the additional. That wouldn't make any sense economically from Congress's perspective. Why? Because that would allow someone who had the very type of ESOP ownership structure with an S-Corp that they were trying to prohibit to just leave it in place, make no changes, make no allocations, and then when you finally allocated at retirement 30 years later, you'd have sheltered all of this from tax all that time. You've assumed the fact that they would like you to assume, which is wrong. Okay. Go ahead. Which is that Congress wanted to eliminate these. Remember, we got a favorable determination letter that we were entitled to continue. Congress wanted to slow them down and prevent them from making further allocations. Congress did not outlaw these plans. Congress specifically, that's why if you look in the record, there's a favorable determination letter. It says you're entitled to continue doing what you're doing, basically. You've complied with the 409-P provision. Congress didn't outlaw these plans. If they had outlawed these plans, they would have simply said you can't be one anymore. The allocation occurred in 99, did it not? Yeah. I'm sorry. You have two minutes time. Apologize. Thank you. Good morning. May it please the court. I'm Francesca Ugolini, Counsel for the Commissioner of Internal Revenue. This is not a case about deceit or sandbagging. I'd like to address first this issue about the tax court's grant of reconsideration on the statute of limitations. This was simply a case of the IRS attorneys making a mistake in the way they framed the law. There was not a true inconsistent position taken by the commissioner in this case. The taxpayer pled the statute of limitations as an affirmative defense and always bore the burden of proving that the statute of limitations was closed. The commissioner's position from the beginning, and it's in the exam report, which is part of the record, and it's in the commissioner's answer, was that the statute of limitations was still open because no excise tax return had been filed. At that point in our answer, the commissioner had not raised specific code sections for framing that factual argument, but that was always the factual underpinnings of the statute of limitations issue, the failure to file an excise tax return. If I'm a taxpayer and I don't think I owe an excise tax, why am I going to file a document that says, tell me what the allocation was? Well, in this case, the taxpayer's belief that it didn't owe an excise tax was based on ultimately what the tax court found to be a misunderstanding of the statute. Can I offer an even quicker answer to that? Sure. If I think I don't owe any income tax, I still have to file a return. My kids, you know, they make very little money, and their summer jobs, it's not enough to trigger income tax. They still have to file a return, and if they don't file it, that's their choice, but you can't say the limitations. In a return, a self-reporting system, you have to have documents. That's correct, and this court addressed this very issue in the McDonald case, which we cited in our brief. That case involved an excise tax where both the, there were two, there was the person, I think, that had paid an initiation fee for some kind of club, and an excise tax was due on that. Then the club was supposed to file the return. The court acknowledged that both parties involved there had good faith. No one thought an excise tax return was due, so the return, actually, the club had filed an excise tax return reporting different types of excise taxes, but left the particular entry that was at issue in that case blank. This court acknowledged the good faith. Wait a minute. You're not saying that anybody who's involved in one of these ESOP plans has to, everybody, all these plans have to file excise tax returns when there's no liability or legal requirement for payment of excise tax. You're not saying that, are you? The law is clear that if you do not file a return, the statute of limitations is open. That might appear to be an unfair rule, but that is clearly the rule under 6501, both in the income tax context and in the excise tax context. No, no. The question was, are they required to file the return even if there's no excise payment issue for the plan? Well, if all... That's a legal requirement. In other words, is there a legal requirement for the filing under those circumstances? Obviously. I mean, you only file a return when you believe you owe a tax. Now, if the IRS determines later that you owed a tax and you didn't file a return based on your good faith belief that you didn't owe it, but it turns out that you owe it, Congress is very clear that the IRS can still come and assess the tax notwithstanding your good faith belief that you didn't owe a tax and therefore didn't file a return. That wasn't really the question. I'm sorry. I guess I don't understand the question. Well, I think I'm asking the same question. Are excise tax returns and income tax returns the same in the sense that there's no obligation to file either, but if you owe a tax, you're in trouble? In other words, the income tax, if you have any income, do you just always have to file an income tax return? I think Judge Clay might be contrasting excise taxes with income taxes. Maybe there's a difference there. Is that true? I guess there's a slight difference. I mean, most everyone in the country has to file an income tax return in the sense that the income threshold for not filing is very low, so almost everyone ends up having to file one. And there's no similar rule about excise taxes? Right. Excise taxes are imposed on transactions or events, so unless that taxable transaction or event has taken place, they're not filed on the basis of like a calendar quarter or an annual basis the way an income tax is filed. Aren't you making his point by stating that? So I think, yeah, Judge Clay's trying to make, I think, trying to make the point, well, it's kind of funny with this excise tax thing, because there's no obligation to file it anyway. You don't think you owe it. You were honest on the other return. As it turns out, there was an obligation to file the return because they did owe the tax. That goes to the merits question of whether they owed the tax. The fact that they didn't believe they owed the tax... If they had not owed the tax, would they have been legally required to file a return, that return for excise tax? If they did not owe the tax, then they would not have been required to file a return. That's all I was asking. Okay. Okay. But that doesn't really answer any of the questions in this case, because in this case, as it turns out, they did owe the tax. They didn't file a return, which means that the statute of limitations was still open. But the government had notice in 2006, and under the statute, the statute of limitations would have expired in 2009, is that it? And then thereafter, the government changed its position with regard to Section 6501, and said it did apply. So, what changed other than... Was there any new legal authority, new case law that caused the government to change its position on all that? No. The only thing that caused the government to change its position after initially losing the case was realizing that they had made the wrong legal argument. The law is very clear that the provision, the first... Is the wrong legal argument... I'm just trying to get that pinned down. Is that the one about the statute that only extended it? Correct. And that's the specific versus the general problem? Correct. And the notice provision is only under that special extender provision of 4979A. When you look at 6501, the key issue there is whether a return was filed. The IRS having some notice of a non-allocation year because of some other return that was is the filing of a return for 6501 purposes. So that's sort of where the argument really changed. Why doesn't the IRS's first notice trigger the statute? Because the law is very clear. The language of 6501A is crystal clear that it is a return that triggers the running of the limitations period. And as this court held in the Hinden Line case, there's a four-part test for whether a sufficient return has been filed. And the key piece here is that whatever document purports to be a return needs to contain sufficient information for the IRS to calculate the tax liability. In this case, no such document was filed that enabled the IRS to do that. Therefore, there was not a return that qualified as a return for 6501. Taxpayers have made arguments in the income tax context for years that the IRS had other facts, other knowledge, notice of a liability, and that that should have triggered the running of the limitations period under 6501. And courts uniformly reject that. What is this provision that he's relying on? I wasn't sure it helped him, but it's 6501B-4. So I'll let you tell me, what do you think is going on there? Sure. That provision is sort of a red herring in this case. 6501B-4, the work that that provision really is doing is just clarifying that in the excise tax context, the filing of an excise tax return will begin the limitations period with respect to any one of the taxes reported on the return. If you look at an excise tax return, it's very different from an income tax return because it's basically a laundry list of all the different excise taxes that could be on that return, and it asks for just an up or down answer. What is your liability for this tax? So you can put a number or you can put a zero. So if you did a 6501B-4 under that provision, could you just do a return that said zero? If you filed an excise tax return that listed a zero for this tax, that would begin the running of the limitations period. But if you do that same return on an income tax return, it doesn't start the clock because that's perceived as not, you know, really giving them information. Am I right about that dichotomy? Do you mean when a taxpayer files an income tax return that just reports all zeros? Yes. Actually, I'm not, I know that there is case law out there on whether or not that begins the limitations period. I don't recall exactly what the answer is. Okay, so you're not sure then, because I was thinking that that was the point of this provision, that the point of this provision was to let you do the zero entry and have the limitations period start when that's not necessarily so with income tax returns in the limitations period. And that may be, that may be the reason behind that particular provision. I know that is how the provision operates in the excise tax context. If you file an excise tax return that lists a zero for a particular tax, that provision guarantees that that will begin the running of the limitations period for that excise tax. So did the tax court have authority to say on reconsideration, oops, you know, we made a mistake, or the tax court, we've got to get this limitations, you know, look at the right statute, 6501 is the right one, but having clarified it, say, you know, we actually think in this situation it wouldn't be fair to apply that decision retroactively to this taxpayer. Did it have that authority? Well, this, the tax court, the standard for granting or denying reconsideration is abuse of discretion. Presumably, the tax court could have within its discretion, could have acted within its discretion to deny the government's motion for reconsideration and acknowledge that there was a legal mistake made, but it could have determined that the government waived it at that point and let the wind, frankly, what would have been a windfall in this case, stand because the taxpayer did owe the tax and the statute of limitations was, in fact, open. In this case, the tax court exercised its discretion to grant reconsideration, but presumably it could have denied it and acknowledged that the law doesn't really operate this way, but we're going to hold the government to its initial incorrect position. You know, if we want to look at the possibility of judicial estoppel, is there a problem with saying government can't rely on contradictory arguments and different phases of the same case as opposed to two different cases? Do you have any position on that? I think that I'm sure an estoppel argument could be made within a same case, but I'm not sure that this is the kind of case that really involves separate stages. I think that case would be more a case of maybe a tort case where you have a liability stage and then a damages stage, and perhaps the government's made some argument that allowed it to prevail at the liability stage and then wants to change positions at the damages stage. This really is sort of a different situation. You completed a phase of the case and it was determined that equitable factors weighed against you such that you had an unfair advantage and you changed positions without sufficient justification and that kind of thing. Then I might be concerned as to whether you can apply judicial estoppel within the context of the same case. If you seem to have had completed phases of that case, as would be the situation here. I mean, here in a tax court in a deficiency case, there's really only one phase. I mean, in this case, it was a fully stipulated record. The parties submitted briefs and the tax court issued its decision. The case was essentially over if it weren't for the filing. But this is exactly what reconsideration is for. You reconsider your position but not theirs, correct? Well, reconsideration is for looking at whether there's been a manifest error of law. And that's pretty clear under Rule 59, which is the federal rule of civil procedure. That doesn't apply specifically in the tax court, but the tax court has sort of adopted the same principles. When did the allocation occur in this case? The initial allocation occurred in 1999 when the S-Corp first set up the ESOP. At that time, this type of ownership structure was permitted. Congress changed the law in 2001 and gave preexisting ESOPs, such as the one here, three years to phase in the change. In this case, the taxpayer did complete the change in time to avoid planned disqualification, but it did not complete the change in time to avoid the excise tax. And actually, I want to respond to something that I heard in the opening argument about my opposing counsel has claimed that the IRS issued a favorable determination letter saying that the plan complied with the tax law. If you look at that determination letter, it specifically carves out, it says we are not making a determination whether the plan complies with the new law, which had not yet taken effect for this ESOP. And, in fact, the taxpayer knew it had to make the change. It did make the change. It just made it too late to avoid the excise tax. How many of these cases are there? So in the limitations period, what about this way of thinking about it? So you say, hey, listen, we've got this rule, 6501, it says the clock doesn't start until you file a return. Let me grant you that, but you have all these other cases that talk about, well, if there's enough information. So is it possible that the way this really works is, yes, the normal rule is no return, no clock starting, but you can have situations, which it seems like these cases are contemplating, where the IRS does have enough information from another return to start the clock. I realize it's a facts and circumstances situation, but you seem to be suggesting, thinking there's just one way to start the clock, no return, no start. But doesn't that body of case law suggest there are two ways to start the clock? Well, are you referring to the colony case that I heard my opposing counsel mention? That was under a different part of 6501. It was 6501E, I don't remember the exact subsection, maybe E4. There's a particular statute that deals with substantial omission of income from a return. And when a taxpayer has omitted, I think it's like a 25% threshold, over 25% of an omission of income, then the IRS, rather than having three years to begin its audit, has six years. It's an extended statute. However, that statute specifically says that the extra three years will not apply if the taxpayer has adequately disclosed the income elsewhere. Your point is under the statute, and you really think there are no exceptions for 6501 and excess tax returns? Correct. The exceptions that go to notice on whether the IRS had information, all of those exceptions fall under some code section, some place that Congress has allowed there to be an exception. In this context, there's no exception. I see you're out of time. I just have another question. So, I mean, I take it in the future with this D section, the answer, if you want the clock to start, is just file excess tax return with zero. Correct. Yeah, okay. Thank you. Thank you. I realize I have a limited amount of time. You've got two minutes. All right. So let me say, first of all, Judge, with respect to your question, at page 9 of our reply brief, we cite cases, including the New Hampshire case 532 U.S., which says that it applies not only in separate proceedings but in similar phases of the same proceeding. The point being that you can't let the judge make a mistake, induce him to make a mistake, and then say you made a mistake and you want to start all over. That's the judicial estoppel. As regards to these, I think here's where the confusion comes, Your Honor, and there was a return filed. There were two returns filed. The question, this is why you have to look at what 5330 asks. It asks for a prohibited allocation. The Form 5500, which the taxpayer filed, asks you to tell you how much you own. That is the relevant return for purposes of deciding if you're going to impose a tax. I'm sure I'm totally following you, but what I think I'm hearing you say is that the limitation period is triggered by filing returns, and this all turns on your reading of the underlying tax statute. But if you're wrong about how the tax statute works, then it seems to me you're wrong about the start date. I think if you go back. Go ahead. I disagree with you, but only in part. I think if you look at Colony, for example, or you look at Quick Estate, which is the tax court's following of Colony, they recognize that you can file multiple returns affecting the same thing. One of the cases involved an estate tax return where there should have been an income tax return. She was very clear. She said, listen, each one of those cases relate to a provision in 6501 where when it comes to that type of return, you can have an extended period or shrunk period depending on this or that factor, and that that's not true for excise tax. That's all she said. I don't know if she's right, but just respond to what she said. I don't believe she's right, and here's why. I think if you look at the question, and that's why we referred, for example, to 6501B-4. And I'm not trying to be evasive because I can't, to my mind, remember now which each of these cases were. There's a ton of these cases that say as long as the IRS has sufficient notice that there may be a taxing issue, that that can trigger the statute of limitations, even though the taxpayer may have mistakenly filed the wrong form. I filed an estate tax return rather than another return. But this says for purposes of this section, the filing of a return for a specified period on which an entry has been made, an entry has been made with respect to a tax, a tax imposed by this provision. So that's why we say look at the 5500. The 5500 has an entry. The entry is I own 100 percent. Do you want me to stop? No, go ahead. I just wanted to let them know I had one more question. Okay, but the 5500 has an entry. And the entry is that I own 100 percent of the shares of this ESOP. That is what they say is the tax-creating event. Okay? If you look at the 5300, no entry is required because even they admit, she says, no, it's the only one that applies. Even they admit there was no prohibited allocation. That was never the right return. So my last question is back to the reconsideration. If everything had happened in reverse, the tax court ruling had been in your favor, and after the fact that the department realized it made a mistake, it files a motion with the tax court and says we goofed, we looked at the wrong statute, we should not have won, the taxpayer should have won. Would that have been okay? I don't know, but I don't know the answer to the question. But I do know this, that the problem is simply that it's a question. I don't know the answer to the question. Sorry. All right. Thank you very much. The case is submitted. There being no further cases for argument, I may adjourn.